IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00027-BNB

JENNIFER D. HARRIS,

    Plaintiff,

v.

TRAVIS TRANI - Warden,
RAMONA AVANT - Captain, and
TONYA GAMBLIN - Sergeant,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 04 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jennifer D. Harris, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Denver Women's Correctional Facility. Ms. Harris filed *pro se* a civil rights complaint for declaratory and injunctive relief and money damages pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000. She also filed a document titled "Retaliation Complaint." Ms. Harris has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has paid an initial partial filing fee.

The Court must construe Ms. Harris's filings liberally because she is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Harris will be ordered to file an amended complaint.

In her original complaint, Ms. Harris asserts three claims alleging that her right to the free exercise of her religion--i.e., Judaism--has been violated. In the Retaliation Complaint, she alleges that she has been retaliated against, but the basis for the alleged retaliation is unclear.

Ms. Harris's original complaint and Retaliation Complaint fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Ms. Harris to state a claim in federal court, her "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes

2

the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Ms. Harris fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Her original complaint, which totals seventy-nine pages and has twenty-one pages of attachments, is verbose and repetitive. Although Ms. Harris asserts three claims for relief in the original complaint, she sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of her claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* In addition, the Retaliation Complaint, which totals eleven pages including attachments, and through which Ms. Harris appears to assert a fourth claim, is vague and confusing.

Ms. Harris will be directed to file an amended complaint that contains all the claims she intends to assert in this action against all the defendants she intends to sue and that complies with the pleading requirements of Rule 8. Ms. Harris is reminded that it is her responsibility to present her claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the amended complaint, Ms. Harris must assert personal participation by each named defendant in the alleged constitutional violations. *See Bennett v. Passic*, 545

F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Harris must show how the named defendants caused a deprivation of her federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Travis Trani, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Harris may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Harris uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Ms. Harris, therefore, will be directed to file an amended complaint that asserts all the claims she intends to assert in this action, clarifies the statutory basis for each claim, states her claims clearly and concisely, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Jennifer D. Harris, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Harris, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Ms. Harris fails to file an amended complaint that complies with the requirements of this order within the time allowed, the complaints and the action will be dismissed without further notice.

DATED May 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00027-BNB

Jennifer D. Harris
Prisoner No. 124800
Denver Women's Corr. Facility
PO Box 392005 - Unit 2-230
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/4/10

                                 GREGORY C. LANGHAM, CLERK

                             By: _____
                                     Deputy Clerk