IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 1 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00027-BNB

JENNIFER D. HARRIS,

    Plaintiff,

v.

COLO. DEPT. OF CORR. (C.D.O.C.)/DENVER WOMEN'S CORR. FAC. (D.W.C.F.),
ARISTEDES W. ZAVARAS, Executive Director,
RAMONA AVANT - Captain,
TODD COWENS - Lieutenant,
TONYA GAMBLIN - Sergeant,
VICTOR CHAVEZ-MAJOR (TWO BEARS),

    Defendants.

---

ORDER TO FILE SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Jennifer D. Harris, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Women's Correctional Facility. On May 4, 2010, Magistrate Judge Boyd N. Boland ordered Ms. Harris to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On June 4, 2010, Ms. Harris filed an amended complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act.

The Court must construe the amended complaint liberally because Ms. Harris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons

stated below, Ms. Harris will be directed to file a second and final amended complaint.

The Court has reviewed Ms. Harris's amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland informed Ms. Harris in the May 4 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). Magistrate Judge Boland noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He specifically noted Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." He explained that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He also explained that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Harris's amended complaint suffers from some of the same deficiencies as the complaint she originally filed. Ms. Harris fails to set forth a short and plain statement

of her claims showing that she is entitled to relief. Her discussion of the nature of the case is a chronological and unnecessarily long recitation of facts, many of which are repeated in her claims. Her claims themselves are repetitive, verbose, and confusing. Throughout the amended complaint, she sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of her claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint is excessively and unnecessarily long. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Ms. Harris fails to understand that it is her responsibility to present her claims in a manageable format that allows the Court and the Defendants know what claims are being asserted and to be able to respond to those claims. Ms. Harris must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.

As Magistrate Judge Boland explained in the May 4 order for an amended complaint, in order to state a claim in federal court, Ms. Harris "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

In the second and final amended complaint she will be directed to file, Ms. Harris must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Harris must name and show how the named defendants caused a deprivation of her federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC executive director, Aristedes W. Zavaras, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Harris may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. Harris uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Ms. Harris may not sue the Colorado Department of Corrections or the Denver Women's Correctional Facility. The State of Colorado and its entities are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S.

58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Ms. Harris will be given a final opportunity to cure the deficiencies in her amended complaint by submitting a second and final amended complaint that complies with Fed. R. Civ. P. 8. She will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Jennifer D. Harris, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this

order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Harris, together with a copy of this order, two copies of the following form to be used in submitting the second and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Ms. Harris fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 30th day of June, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge