IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00027-BNB

JENNIFER D. HARRIS,

Plaintiff,

v.

VICTOR CHAVEZ (Two Bears), Major,
RAMONA AVANT, Captain,
TODD COWENS, Lieutenant, and
TONYA GAMBLIN, Sergeant,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 29 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

---

Plaintiff, Jennifer D. Harris, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Denver Women's Correctional Facility. She filed ***pro se*** a second a final amended complaint for declaratory and injunctive relief and for money damages pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Ms. Harris has been granted leave to proceed pursuant to the federal ***in forma pauperis*** statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss ***sua sponte*** an action at any time if the action is frivolous, malicious or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. ***Neitzke v. Williams***, 490 U.S. 319, 324 (1989).

The Court must construe Ms. Harris's filings liberally because she is representing herself. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate. ***Hall***, 935 F.2d at 1110. For the reasons stated below, the second and final amended complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

Ms. Harris alleges she is a practicing Jew who observes the weekly Sabbath day of rest from sundown Friday to sundown Saturday. She also apparently observes kosher dietary laws.

As her first claim, she contends that Defendants Sergeant Gamblin, Lieutenant Cowens, and Captain Avant violated her First Amendment free exercise rights. She specifically alleges that May 28, 2009, Sergeant Gamblin ordered her to throw away a kosher meal she had permission to eat in her room, and that Lieutenant Cowens ordered her written up for the disciplinary offense of unauthorized possession. She also alleges that on Saturday, August 29, 2009, Sergeant Gamblin and Captain Avant forced her to violate the Sabbath by ordering her to move to another unit.

As her second claim, she contends that Sergeant Gamblin violated her rights under RLUIPA by forcing her to sign her name for her new room key and fill out a cell inspection acceptance form on Saturday, August 29, 2009.

As her third claim, she contends that Sergeant Gamblin and Captain Avant violated her due process rights by authorizing the August 29 move without following proper housing unit procedure or checking with a rabbi or chaplain concerning her

religion and religious practices. She also is suing Lieutenant Cowens and Major Chavez for denying her grievances concerning this issue.

As her fourth and final claim, she makes rather vague allegations that she has been subjected to a pattern of retaliatory treatment and harassment. For example, she contends that on February 23, 2010, Sergeant Gamblin, Captain Avant, and Travis Trani, who is not named as a Defendant in the caption to the complaint, failed to respond to a motion for production of documents pertinent to her claims. She also alleges that on March 2, 2010, Captain Avant ordered her taken to segregation for an alleged assault. She maintains that on July 1, 2010, Sergeant Gamblin told her the first day for work was Saturday, apparently July 3, 2010, thus ignoring her religious mandate not to work on the Jewish Sabbath, and that he scheduled her for showers on the second and third floors of the prison against her medical restrictions. She makes other allegations concerning other individuals who are not named Defendants – a correctional officer Sanchez, unnamed John or Jane Does who allegedly set off a "MK 9 Faux Gas" and did not give her medical attention for a week, and a Lieutenant Ross who allegedly had her handcuffed and taken to the medical department in a wheelchair – and makes vague allegations concerning Lieutenant Cowens and Major Chavez, who are named Defendants.

To the extent Ms. Harris is suing Lieutenant Cowens and Major Chavez as part of her third claim, the claims against these two Defendants must be dismissed. Ms. Harris is suing these Defendants because they allegedly are responsible for the constitutional violations committed by other individuals, and because they denied grievances filed by Ms. Harris. These allegations fails to establish the personal

participation of Defendants Cowens and Chavez. Ms. Harris previously was warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Moreover, the United States Court of Appeals for the Tenth Circuit repeatedly has noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. ***Whitington v. Ortiz***, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting ***Larson v. Meek***, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)).

Because Ms. Harris fails to assert that Defendants Chavez and Cowens personally participated in violating her constitutional rights, the claims against Defendants Chavez and Cowens asserted in claim three will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B).

In addition, Ms. Harris apparently bases her fourth claim of retaliation and harassment against Defendants Chavez and Cowens on their denial of her grievances. Because her third claim against these Defendants must fail, her claim that they retaliated against and harassed her also must fail. In any case, the fourth claim of

retaliation asserted against Defendants Chavez and Cowens is vague and conclusory. ***See Ketchum v. Cruz***, 775 F. Supp. 1399, 1403 (D. Colo. 1991), ***aff'd***, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." ***Hall***, 935 F.2d at 1110. The Court finds that Ms. Harris's vague and conclusory allegations of federal constitutional violations will not support an arguable claim for relief against Defendants Chavez and Cowens in claim four. Because the third and fourth claims are the only claims in which Major Chavez is mentioned as a Defendant, he will be dismissed as a party to this action. The remaining claims against the remaining Defendants and the case will be drawn to a district judge and a magistrate judge.

Accordingly, it is

ORDERED that the complaint is dismissed in part and drawn in part. It is

FURTHER ORDERED that the claims asserted against Defendants Major Chavez and Lieutenant Cowens in claims three and four are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that, because the third and fourth claims are the only claims in which Major Chavez is mentioned as a Defendant, he will be dismissed as a party to this action. It is

FURTHER ORDERED that the clerk of the Court is directed to remove the name of Major Chavez from this action. It is

FURTHER ORDERED that the remaining claims asserted against the remaining Defendants and the case are drawn to a district judge and a magistrate judge.

DATED at Denver, Colorado, this 23rd day of November, 2010.

BY THE COURT:

Christine M Arguello

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00027-BNB

Jennifer D. Harris
Prisoner No. 124800
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/29/10

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk