IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00027-PAB-CBS

JENNIFER D. HARRIS,

      Plaintiff,

v.

RAMONA AVANT, Captain,
TODD COWENS, Lieutenant, and
TONYA GAMBLIN, Sergeant,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 78] filed on February 16, 2012.

The magistrate judge recommends that the Court grant defendants' motion to dismiss

[Docket No. 44] and dismiss plaintiff's complaint in its entirety.  Plaintiff filed objections

to the Recommendation, *see* Docket No. 83, and the Court will "determine de novo any

part of the magistrate judge's disposition that has been properly objected to."  Fed. R.

Civ. P. 72(b)(3).  When conducting that review, the Court liberally construes plaintiff's

filings because she appears pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however,

may not act as her advocate.  *See Hall*, 935 F.2d at 1110.

      Plaintiff asserts four claims for relief against defendants.  In her first claim for

relief, plaintiff, whose "religion is Judaism," alleges that defendants violated her rights

under the free exercise clause of the First Amendment[1] when she was directed to

"move to another room" on a Saturday, her Sabbath, and on a separate occasion was

instructed to throw away a kosher meal.  Docket No. 28 at 7.  In plaintiff's second claim

for relief, which she asserts pursuant to the Religious Land Use and Institutionalized

Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc–5, plaintiff alleges that she

was forced to sign her name on two forms to effectuate the change in cells on her

Sabbath Day.

Liberally construing plaintiff's complaint, the Court has considered all three

incidents in light of the First Amendment and the RLUIPA.  The Court concludes that

forcing defendant to throw away a single kosher meal did not "substantially burden[] . . .

sincerely-held religious beliefs."  *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007).

Such "[i]solated acts or omissions . . . do not constitute a substantial burden on

religious freedom" for purposes of the First Amendment, *Mubashshir v. Moore*, 2011

WL 1496670, at *6 (N.D. Ohio 2011),[2] or the RLUIPA.  *See Furnace v. Sullivan*, 2008

WL 4856826, at *4 (N.D. Cal. Nov. 10, 2008) ("Although plaintiff alleges in his complaint

---

[1]Although the First Amendment applies to state actors by way of incorporation into the due process clause of the Fourteenth Amendment, the Court will, for ease of reference, refer only to the First Amendment.

[2]The *Mubashshir* court, *see* 2011 WL 1496670, at *6, cited the following collection of cases: *White v. Glantz*, 1993 WL 53098, at *2 (10th Cir. Feb. 25, 1993); *Gunn v. Kentucky*, 2010 WL 2555756, at *5 (W.D. Ky. June 18, 2010); *Greenberg v. Hill*, 2009 WL 890521, at *6 (S.D. Ohio Mar. 31, 2009) ("[I]solated or sporadic government action or omission is de minimis and does not constitute a 'substantial burden.'"); *Marr v. Case*, 2008 WL 191326, at *5 (W.D. Mich. Jan.18, 2008) ("The one time deprivation of a kosher eating utensil does not amount to a substantial burden of Plaintiff's ability to exercise his religion."); *Randall v. McLeod*, 1995 WL 581973, at *4 (5th Cir. Sept. 15, 1995).

that he was denied his right to religious exercise when defendants failed to provide him with his approved religious breakfast tray, he does not allege facts that show this isolated incident imposed a substantial burden on his religious exercise by causing him to modify his behavior in a way that violated his beliefs.") (citing *Alston v. Dep't of Corrections*, 2007 WL 4410770, *4-5 (W.D. Va. Dec.14, 2007)); *see also Subil v. Sheriff of Porter County*, 2005 WL 1174218, at *4 (N.D. Ind. Apr. 29, 2005) ("Lack of a Kosher diet at the jail where he is housed may constitute a substantial burden, but missing an occasional meal while being transported to and from court is simply an inconvenience and not a substantial burden.") (citation omitted).

Plaintiff's allegations regarding being forced to violate her observance of the Sabbath presents a potentially closer question. *Compare Gillard v. Kuykendall*, 295 F. App'x 102, 105 (8th Cir. 2008) ("We conclude the district court erred in determining that requiring Gillard to mop and sweep his cell on Saturdays did not substantially burden his sincerely held religious belief. . . . [W]hile [defendants] presented testimony that the cleaning took only five to ten minutes, the evidence also showed that performing any work whatsoever on a Saturday before 6 p.m. . . . violated Gillard's religious belief unless a job that he was holding to support his family required him to work on Saturday."), *with Subil v. Sheriff of Porter County*, 2008 WL 4690988, at *5 (N.D. Ind. Oct. 22, 2008) ("While the defendant shows that the rule requiring Subil to clean his cell on Sabbath was a general one applied equally to all inmates, more than general applicability is required to defeat a RLUIPA claim.").  Defendants, however, have asserted the qualified immunity defense and, under the doctrine of qualified immunity,

3

"government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *see also Snyder v. Trudell*, 2009 WL 37183, at *6-7 (E.D. Mich. Jan. 6, 2009). "A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quoting *Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006)) (internal quotation marks omitted). A plaintiff need not identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2011 WL 2119110 (May 31, 2011).

There has been no showing that it was clearly established at the time that requiring plaintiff to move cells and sign documents on her Sabbath on a single occasion constituted a First Amendment or RLUIPA violation. *See Allan v. Woods*, 2008 WL 724240, at *7 (N.D.N.Y. March 17, 2008) ("[T]he fact that plaintiff had to work one half day on his Sabbath did not substantially burden the practice of his religion under RLUIPA. The same is true of plaintiff's First Amendment rights."). Therefore, defendants are entitled to qualified immunity to the extent plaintiff has asserted her first and second claims against them in their individual capacities. And, to the extent plaintiff sues them in their official capacities, she has failed to plead facts indicating any ongoing violation of federal law that would support prospective injunctive relief. *See*

4

*Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1232 (10th Cir. 2010); *see also Sossamon v. Texas*, --- U.S. ----, 131 S. Ct. 1651, 1658-59 (2011) ("RLUIPA's authorization of 'appropriate relief against a government,' is not the unequivocal expression of state consent that our precedents require.  'Appropriate relief' does not so clearly and unambiguously waive sovereign immunity to private suits for damages that we can 'be certain that the State in fact consents' to such a suit.") (citation omitted).  Therefore, the Court will dismiss plaintiff's first and second claims in their entirety.

Plaintiff's third claim for relief alleges that defendants forced her to move from one cell to another in violation of her procedural due process rights under the Fourteenth Amendment.  The Court "examine[s] procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the [government]; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citations omitted).  Because plaintiff has "no protected liberty interest in the location of [her] confinement," *Overturf v. Massie*, 385 F.3d 1276, 1279 (10th Cir. 2004), her third claim for relief fails.

In regard to plaintiff's fourth claim for relief, the Court agrees with the Recommendation that plaintiff has failed to allege adequate facts supporting the inference that any negative treatment she suffered at the hands of any defendant was due to her engaging in protected conduct.  *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) ("Mr. Gee's allegations of retaliation for exercising his First Amendment rights are vague and conclusory.  'Mere allegations of constitutional retaliation will not

suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.'") (citation omitted).   Therefore, the Court will grant defendants' request to dismiss plaintiff's fourth claim, which alleges unlawful retaliation.

As a final note, plaintiff requested leave to amend her complaint in her response to defendants' motion to dismiss.  *See* Docket No. 60 at 32.  Plaintiff, however, has not filed a motion to amend.  The Local Rules of this District are clear that a "motion shall not be included in a response or reply to the original motion," but rather "shall be made in a separate paper."  D.C.COLO.LCivR 7.1C; *see Calderon v. Kansas Dep't of Social and Rehabilitation Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("We have recognized the importance of Fed. R. Civ. P. 7(b) and have held that normally a court need not grant leave to amend when a party fails to file a formal motion."); *see also Blythe v. Southwest Airlines Co.*, 2010 WL 2473863, at *3 (10th Cir. June 18, 2010) (concluding that plaintiff's request, in response to a motion to dismiss, for sixty days to amend her complaint failed to "'give adequate notice to the district court and to the opposing party of the basis of the proposed amendment'" and, therefore, "the district court correctly denied her leave to amend her complaint") (quoting *Calderon*, 181 F.3d at 1186-87).  Furthermore, although it is not clear precisely in what manner plaintiff seeks to amend her complaint, it appears that plaintiff is only seeking permission to name additional defendants to her present claims.  *See* Docket No. 60 at 32 (seeking leave to add defendants to "Claims One, Two, (A) (B), and Claim Three, and Five").[3]  "Ordinarily, the

---

[3]The Court cannot determine whether "Claim . . . Two, (A) (B)" refers to each form she was required to sign, as described in her second claim for relief.  Furthermore,

district court should permit a pro se litigant to amend an inadequate complaint," *Belden v. Lampert*, 2011 WL 6881905, at *3 (10th Cir. Dec. 30, 2011) (citing *Gee*, 627 F.3d at 1195), but for the reasons discussed above, adding additional defendants to any of the four claims would be futile. *See Atkins v. Sweetwater County Sheriff's Office*, 2012 WL 580575, at *4 (10th Cir. Feb. 23, 2012) ("Although Atkins did not state a plausible claim for relief, his exhaustive account of the events surrounding and preceding his arrest permitted the district court to reasonably conclude he would gain little from an opportunity to amend.").  Furthermore, plaintiff has already been afforded two opportunities to amend her complaint, *see Gee*, 627 F.3d at 1195 (concluding that "[t]he district court . . . should have afforded [plaintiff] the opportunity to amend his complaint before dismissing every claim with prejudice"), and plaintiff has not supplied her proposed third amended complaint along with her request.  *See Atkins*, 2012 WL 580575, at *4 (affirming district court's rejection of plaintiff's request for leave to amend or for a dismissal without prejudice in part based on the fact that plaintiff "did not supply a proposed amended complaint or even detail what additional facts would be included in it").  The Court, therefore, identifies no basis to grant plaintiff leave to amend her complaint.  *Cf. McNamara v. Pre-Paid Legal Servs., Inc.*, 189 F. App'x 702, 719 (10th Cir. 2006) ("Plaintiffs failed to adequately request amendment and to support that request.  Consequently, the district court did not err in dismissing this case without leave to amend.").  The Court, however, will nevertheless dismiss plaintiff's claims without prejudice.

---

the Court assumes plaintiff intended to refer to her fourth claim instead of a non-existent "Claim . . . Five."

In light of the foregoing, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 78] is ACCEPTED to the extent explained above.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 44] is granted and this case is dismissed without prejudice in its entirety.

DATED March 29, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge